IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA LEIGH MCWHORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-12-J |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 24th day of January, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff contends that the Administrative Law Judge ("ALJ") erred by improperly evaluating opinion evidence and relying on mischaracterized evidence. (Doc. No. 12). Specifically, Plaintiff argues the ALJ failed to evaluate the fluctuating nature of her mental health symptoms and erred in the analyses of Drs. Ima-Charles Kennedy, Ph.D., and Roger Fretz's, Ph.D., opinions. (*Id.* at 10-20). After careful review of the record, the Court disagrees with Plaintiff and finds that substantial evidence supports the ALJ's decision.

Plaintiff first contends that the ALJ failed to recognize the waxing and waning of her mental symptoms and instead selectively referred to positive findings from the record that indicated Plaintiff was improving with medication. (*Id.* at 11-13). Plaintiff posits that this error tainted her residual functional capacity ("RFC") finding and the ALJ's evaluation of the medical source opinions. (*Id.* at 13). The Court notes that Plaintiff is correct in stating that an ALJ may not ignore evidence within the record without providing a rationale. *See Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 204 (3d Cir. 2008). However, the ALJ here did not ignore such evidence, as the ALJ acknowledged that Plaintiff had periods of time where her mental health symptoms were more severe. (*See* R. 21 (stating "the claimant had some periods during which she experienced elevated symptoms . . .")). Despite these periods, as the ALJ explained, Plaintiff responded positively to mental health treatment and medications and her mental status examinations were generally unremarkable. (R. 21-22). Indeed, Plaintiff admitted during her hearing that her mental illness treatment has "really helped [her][.]" (R. 44). The ALJ also recognized Plaintiff's allegations of mood fluctuations and anxiety but found these complaints were not supported by the objective evidence. (R. 21). In sum, the ALJ considered the fluctuating nature of Plaintiff's mental impairments and Plaintiff's argument on this point is without merit.

The Court also rejects Plaintiff's argument that the ALJ erred in analyzing Dr. Kennedy's opinion. Dr. Kennedy opined that Plaintiff had many limitations, including several marked limitations, and the ALJ found this opinion was not persuasive because it was inconsistent with the medical evidence indicating Plaintiff responded positively to mental health treatment and was not supported by clinical observations. (R. 22-23; Ex. 6F). Plaintiff contends the ALJ ignored the context of Dr. Kennedy's evaluation, specifically Plaintiff's manner of relating, social skills, overall presentation marked by significant anxiety, and Plaintiff's pressured speech. (Doc. No. 12 at 14). Additionally, Plaintiff posits that the ALJ never indicated where in the record it was evidenced that Plaintiff responded positively to mental health treatment. (*Id.* at 15). The Court disagrees.

As to the context of Dr. Kennedy's evaluation, the ALJ is under no obligation to detail every medical source's observation. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001). The ALJ acknowledged that Plaintiff expressed that she tends to have difficulty socializing, and she recognized Plaintiff's anxiety as a severe impairment. (R. 16, 21). The ALJ's failure to discuss in detail the specific observations contested by Plaintiff does not warrant remand given that the ALJ recognized these impairments elsewhere in her decision. Further, as to Plaintiff's positive response to mental health treatment, similar to the analysis above, the ALJ explained that Plaintiff responded positively to mental health treatment and medications while acknowledging fluctuations in symptoms and her generally unremarkable mental status examinations. (R. 21-22). This was a sufficient explanation despite the ALJ not specifically reiterating the citations and specific findings in the portion of the decision analyzing Dr. Kennedy's opinion. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (stating the ALJ's decision must be "read as a whole" when assessing whether or not it is supported by substantial evidence). Accordingly, Plaintiff's arguments as to the ALJ's analysis of Dr. Kennedy's opinion fail.

Plaintiff's next arguments also miss the mark. Plaintiff argues the ALJ erred by finding Dr. Fretz's opinion persuasive. (Doc. No. 12 at 17-20). Specifically, Plaintiff contends the ALJ erred by failing to recognize that Dr. Fretz's opinion was internally inconsistent in that he found Plaintiff had both no limitations and a mild limitation in understanding, remembering, or applying information and in adapting and managing herself. (*Id.* at 18-19). Further, Plaintiff posits that the ALJ's omission of Dr. Fretz's opined limitation to "simple tasks" requires remand. (*Id.* at 18). Plaintiff also argues that the ALJ stated incorrectly that Dr. Fretz "provided specific reasons" to support his opinion and that his opinion was "consistent with the medical evidence of record demonstrating a positive response to mental health treatment" as Dr. Fretz never claimed to find that Plaintiff had a positive response to treatment and did not provide specific reasons for concluding that Plaintiff be limited to simple tasks despite his opined moderate limitation in social interaction and concentration. (*Id.*).

Here, a close reading of the ALJ's decision reveals that Plaintiff's first argument as to internal inconsistency is misplaced. The ALJ stated initially that Dr. Fretz opined Plaintiff had "*no considerable* limitations as to understanding and remembering . . . and no considerable limitations as to adapting in the workplace." (R. 23) (emphasis added). The ALJ then went on to specifically detail these limitations, stating, "Dr. Fretz concluded that the claimant has [a] mild restriction in understanding, remembering, or applying information . . . and [a] mild restriction in adapting or managing oneself." (*Id.* (citing Exs. 1A, 2A)). Indeed, Exhibits 1A and 2A reveal that Dr. Fretz opined that Plaintiff had only mild limitations in understanding, remembering, or applying information and in adapting and managing herself. (Exs. 1A/6, 2A/6). Plaintiff's argument as to "internal inconsistency" given the ALJ's characterization of these opined limitations is meritless as "not considerable" is reasonably synonymous with a "mild" level limitation.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/Mark R. Hornak, J.
United States District Judge

ecf: Counsel of record

---

Similarly, the ALJ's omission of Dr. Fretz limitation to "simple tasks" does not require remand. First, the ALJ is not required to articulate every piece of evidence in the record. *See Fargnoli*, 247 F.3d at 42. Moreover, the ALJ ultimately found Plaintiff could perform two representative unskilled jobs, specifically mail sorter and product sorter. (R. 25); *see Bovell v. Barnhart*, No. 05-2140, 2006 WL 1620178, at *3 (E.D. Pa. 2006) (noting that unskilled work is consistent with simple, routine tasks). Accordingly, any error would be, at best, harmless. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (citation omitted) (stating "[a]n error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is 'no set of facts' upon which an appellant could recover.").

Lastly, for many of the same reasons as explained above, the Court rejects Plaintiff's argument that the ALJ erred by stating that Dr. Fretz's opinion was persuasive because it was consistent with evidence showing Plaintiff had a positive response to mental health treatment. Plaintiff seems to misread the ALJ's reasoning as she contends that "Dr. Fretz did not claim to find Plaintiff had a positive response to treatment[.]" (Doc. No. 12 at 19). This may be true, but the ALJ did not claim that Dr. Fretz stated such a finding; rather, the ALJ noted that some of Dr. Fretz's conclusions were "consistent with the medical evidence of record demonstrating a positive response to mental health treatment." (R. 24). This evidence, as explained above, was articulated by the ALJ earlier in her decision. In sum, Plaintiff's argument on this point fails.

For these reasons, the ALJ's findings and conclusions are supported by substantial evidence. Therefore, the Court affirms the findings of the Commissioner.

4